UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60210-COOKE

UNITED STATES OF AMERICA

vs.

PETER MICHAEL PAZER,

    **Defendant.**
_____/

**THE UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY INFORMATION**

    The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for an unopposed Protective Order for appropriate protections against widespread dissemination of materials and the sensitive information contained therein, which will be disclosed in the above-captioned matter.

    This sensitive information includes records containing personal identifiable information ("PII"), such as names, addresses, social security numbers, dates of birth, email addresses, and passwords of third parties. The government seeks protections that will not impede the defendant's ability to prepare for his defense, but merely will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials. The government has conferred with counsel for the defendant, who has confirmed that he has no objection to the relief sought herein.

## **INTRODUCTION AND RELIEF SOUGHT**

The Information charges the defendant, Peter Michael Pazer ("the Defendant"), with theft of government funds, that is Social Security disability benefits paid to and intended for another individual, in violation of 18 U.S.C. § 641.  The discovery in this case contains PII of individuals, both living and deceased, including full names, social security numbers, dates of birth, and financial and Social Security records.  In an attempt to protect this sensitive information in the discovery materials, the government proposes the following restrictions on the disclosure and use of the discovery materials in this case:

1. Counsel of record for the Defendant shall hold the PII in strict confidence, disclosing this information to his client, office staff, investigators, and witnesses (including any experts) only to the extent he believes is necessary to assist in the defense of this matter.

2. Counsel of record for the Defendant shall advise any person to whom PII is disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

3. Counsel of record for the Defendant shall obtain a certification from each third-party to whom the PII is disclosed, in which the recipient (a) acknowledges the restrictions set forth in the Protective Order, and (b) agrees that he/she will not disclose or disseminate the PII without the express consent of defense counsel.  Counsel shall keep a copy of each certification to identify the individuals who received the discovery materials with PII and the date on which such information was first disclosed.

4.  Counsel of record for the Defendant shall ensure that any discovery containing PII, provided to third parties, shall be returned to defense counsel no later than adjudication, and that upon conclusion of the above-captioned case, meaning at the conclusion of appellate and Section 2255 proceedings, if any, or upon expiration of the deadline for filing appellate or Section 2255 proceedings, copies of the discovery disclosed to defense counsel pursuant to the terms of this order shall either be destroyed or returned to the United States.

5. Counsel for the United States and for the Defendant shall promptly report any known violations of the Court's order to the Court.

## MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and her counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).  Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions.  *See* Fed R. Crim. P. 16(d)(1).  The government does not seek to delay, deny, or restrict yjdisclosure of information which Rule 16 or the Standing Discovery Order requires.  *See e.g*, *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses").  Instead, the government only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's identification information.  The proposed Protective Order, attached as an exhibit hereto, would have no effect on the Defendant's ability to prepare his defense and would protect not only the PII of third parties, including the third party, but also the identification information of the Defendant.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97-CR-1215 (DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

The government's proposed order, or one materially similar thereto, has been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive identification information disclosed in discovery. *See United States v. Sixto Figueroa, et al.,* Case No. 09-CR-20610-LENARD (DE 105) (S.D. Fla. Oct. 7, 2009); *United States v. Marcos Salazer, et al.*, Case No. 10-CR-20182- JORDAN (DE 35) (S.D. Fla. Apr. 7, 2010); *United States v. Julio A. Llanessa*, Case No. 09-CR-21027-HUCK (DE 84) (S.D. Fla. Jan. 27, 2010); *United States v. Webster, et al.*, Case No. 20-CR-20172-GAYLES (DE 22) (S.D. Fla. April 16, 2021).

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:   /s/ Jodi Raft
JODI RAFT
Special Assistant United States Attorney
Fla. Bar No. 0975893
99 NE 4th Street, Suite 600
Miami, FL 33132
Tel: (305) 961-9101
Jodi.Raft@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver a notice of electronic filing to all counsel of record.

/s/ Jodi Raft
JODI RAFT
Special Assistant United States Attorney